Original

08-2741

530

1   **PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

2   Name   SHIELDS        REMON        A
           (Last)         (First)      (Initial)

3   Prisoner Number  P64820

4   Institutional Address  CSP-SAC / P.O. Box 290066,

5   _____ Represa, CA 95671-0066

6

7   **UNITED STATES DISTRICT COURT**
    **NORTHERN DISTRICT OF CALIFORNIA**

8   REMON A. SHIELDS                    CV  08        0274
    (Enter the full name of plaintiff in this action.)   )

9                                        )
                    VS.                  )
10                                       )       Case No. _____
    A. SCHWARZENEGGER, GOVERNOR          )       (To be provided by the clerk of court)
11                                       )
                                         )       **PETITION FOR A WRIT**
12  _____          )       **OF HABEAS CORPUS**
                                         )
13  _____          )
                                         )
14  _____          )
    (Enter the full name of respondent(s) or jailor in this action)  )

15

16  ================================================================
    Read Comments Carefully Before Filling In

17  When and Where to File

18       You should file in the Northern District if you were convicted and sentenced in one of these

19  counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20  San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in

21  this district if you are challenging the manner in which your sentence is being executed, such as loss of

22  good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

23       If you are challenging your conviction or sentence and you were not convicted and sentenced in

24  one of the above-named fifteen counties, your petition will likely be transferred to the United States

25  District Court for the district in which the state court that convicted and sentenced you is located. If

26  you are challenging the execution of your sentence and you are not in prison in one of these counties,

27  your petition will likely be transferred to the district court for the district that includes the institution

28  where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS        - 1 -

1    <u>Who to Name as Respondent</u>

2    You must name the person in whose actual custody you are. This usually means the Warden or

3    jailor. Do not name the State of California, a city, a county or the superior court of the county in which

4    you are imprisoned or by whom you were convicted and sentenced. These are not proper

5    respondents.

6    If you are not presently in custody pursuant to the state judgment against which you seek relief

7    but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8    custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack

9    was entered.

10   <u>A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE</u>

11       1. What sentence are you challenging in this petition?

12           (a)    Name and location of court that imposed sentence (for example; Alameda

13                  County Superior Court, Oakland):

14           <u>Alameda County Superior Court        Oakland</u>

15                  Court                          Location

16           (b)    Case number, if known _____ <u>132344B</u>

17           (c)    Date and terms of sentence __ <u>Nov. 18th, 1999</u>

18           (d)    Are you now in custody serving this term? (Custody means being in jail, on

19                  parole or probation, etc.)          Yes <u>X</u>      No _____

20                  Where?

21                  Name of Institution:  <u>CSP- Sacramento</u>

22                  Address: <u>P.O. Box 290066 / Represa, CA 95671-0066</u>

23       2. For what crime were you given this sentence? (If your petition challenges a sentence for

24   more than one crime, list each crime separately using Penal Code numbers if known. If you are

25   challenging more than one sentence, you should file a different petition for each sentence.)

26   <u>P.C. 187 / 192.2 (a)(17) w/ special circumstance</u>

27   _____

28   _____

PET. FOR WRIT OF HAB. CORPUS        - 2 -

3. Did you have any of the following?

    Arraignment:                      Yes __X__    No _____

    Preliminary Hearing:             Yes __X__    No _____

    Motion to Suppress:             Yes __X__    No _____

4. How did you plead?

    Guilty _____    Not Guilty __X__    Nolo Contendere _____

    Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have?

    Jury __X__    Judge alone_____    Judge alone on a transcript _____

6. Did you testify at your trial?          Yes _____    No __X__

7. Did you have an attorney at the following proceedings:

    (a)    Arraignment           Yes __X__    No _____

    (b)    Preliminary hearing      Yes __X__    No _____

    (c)    Time of plea           Yes _____    No __X__

    (d)    Trial                Yes _____    No __X__

    (e)    Sentencing            Yes _____    No __X__

    (f)    Appeal              Yes __X__    No _____

    (g)    Other post-conviction proceeding    Yes _____    No __X__

8. Did you appeal your conviction?        Yes __X__    No _____

    (a)    If you did, to what court(s) did you appeal?

            Court of Appeal         Yes __X__    No _____

            Year: __2004__    Result: __Denied__

            Supreme Court of California    Yes __X__    No _____

            Year: __2005__    Result: __Denied__

            Any other court         Yes __X__    No _____

            Year: __2005__    Result: __Certiorari - Denied__

    (b)    If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS    - 3 -

1    petition?                                              Yes _X_        No____

2    (c)    Was there an opinion?                           Yes _X_        No____

3    (d)    Did you seek permission to file a late appeal under Rule 31(a)?

4                                                           Yes ____       No _X_

5           If you did, give the name of the court and the result:

6    _____

7    _____

8    9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9    this conviction in any court, state or federal?        Yes _X_        No____

10          [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11   challenged the same conviction you are challenging now and if that petition was denied or dismissed

12   with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13   for an order authorizing the district court to consider this petition. You may not file a second or

14   subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28

15   U.S.C. §§ 2244(b).]

16   (a)    If you sought relief in any proceeding other than an appeal, answer the following

17          questions for each proceeding. Attach extra paper if you need more space.

18   I.     Name of Court: Alameda County Superior Court

19          Type of Proceeding: Ex parte hearing - Writ of Habeas Corpus

20          Grounds raised (Be brief but specific):

21          a. Juv. Ct. Judge failure to hold competency Evid. hearing.

22          b. Ineffective assistance counsel (Juv. Counsel).

23          c. Ineffective Assistance of Counsel (Appellate counsel).

24          d. Trial Ct. "AGGRAVATING Factors" sentencing Error; (see 4A)

25          Result: Denied in part / Granted in part  Date of Result: 4-5-07

26   II.    Name of Court: Court of Appeal, First Appellate Dist - Disi 3

27          Type of Proceeding: Petition for writ of Habeas Corpus

28          Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS          - 4 -

Continued from 9(a)I.

e. Trial court error, In ruling Miranda waiver and statement(s) was Knowingly and voluntary; Where in-custody minor was Kept from Grandmother until all he confess to murder.

f. Trial court error, In ruling Miranda was not invoked when in-custody minor made request's to officers (Bingham and Sherman) for an Attorney and phone call to Grandparents.

1   a. ___Same as in 9(a)I. (a-f)_____

2   b. _____

3   c. _____

4   d. _____

5   Result: __Denied_____ Date of Result: _5-17-07_

6   III.   Name of Court: _California Supreme Court_

7   Type of Proceeding: _Petition for Writ of Habeas Corpus_

8   Grounds raised (Be brief but specific):

9   a. _____Same as in 9(a) I. (a-f)_____

10  b. _____

11  c. _____

12  d. _____

13  Result: ___Denied_____ Date of Result: _12-19-07_

14  IV.   Name of Court: _____

15  Type of Proceeding: _____

16  Grounds raised (Be brief but specific):

17  a. _____

18  b. _____

19  c. _____

20  d. _____

21  Result: _____ Date of Result: _____

22  (b)   Is any petition, appeal or other post-conviction proceeding now pending in any court?

23                          Yes _____    No _X__

24        Name and location of court: _____

25  B. GROUNDS FOR RELIEF

26        State briefly every reason that you believe you are being confined unlawfully. Give facts to

27  support each claim. For example, what legal right or privilege were you denied? What happened?

28  Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS        - 5 -

1   need more space.  Answer the same questions for each claim.

2   [Note:  You must present ALL your claims in your first federal habeas petition.  Subsequent

3   petitions may be dismissed without review on the merits.  28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4   499 U.S. 467,  111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5   Claim One: Appellate Counsel violated Petitioner's Due Process and

6   Equal Protection Rights to Effective assistance of Counsel; Rights...

7   Supporting Facts: Appellate counsel provided Petitioner with ineffect-

8   ive assistance of counsel; Where Appellate counsel failed to raise

9   constitutional claims and Grounds for relief as to Claim 2-5 herein,

10  Which are serious claims and violations of constitutional Rights...

11  Claim Two: Juvenile Counsel violated Petitioner Due Process and Equal Pro-

12  tection rights to effective assistance of counsel; Rights under the...

13  Supporting Facts: Juvenile counsel provided ineffective assistance of

14  counsel, In failing to request an evidentiary competency hearing ↑

15  investigate as to Petitioner's competency to waive miranda and

16  stand trial; Where Juvenile counsel submitted information and...

17  Claim Three: Juvenile Court violated Petitioner's Due Process and Equal

18  Protection rights to right against self-incrimination and Fair Trial...

19  Supporting Facts: Juvenile court erred, In failing to order and hold an

20  evidentiary competency and Miranda voluntariness hearing [Sua

21  Sponte]; Where Juvenile court received and reviewed information

22  and documentation from Petitioner's Juvenile court file and.....

    (See Attached PAGES 6A-6G, FOR CLAIMS 1-14 and Supporting Fact)

23  If any of these grounds was not previously presented to any other court, state briefly which

24  grounds were not presented and why:

25  _____

26  _____

27  _____

28  _____

CONTINUED From Page 6 Claim(s) and Supporting
Facts (1-14).

Claim 1: ... Under the 6TH and 14TH Amendments to the
United States Constitution.
-Supporting Facts: ... and is supported by the record.

Claim 2: ... the 5TH, 6TH and 14TH Amendments to the
United States Constitution.
- Supporting Facts: ... documentation of Petitioner's
history of mental illness and mental impairment (Retardat-
-ion).

Claim 3: ... Rights under the 5TH, 6TH and 14TH Amend-
ments to the United States Constitution.
-Supporting Facts: .... counsel highlighting Petitioner's
history of mental illness and mental impairment (Retard-
ation).

Claim 4:   Trial Court violated Petitioner's Due Process
and Equal Protection rights to right against self-incrimin-
ation, Right to Conforntation and Fair Jury Trial. Rights
under the 5TH, 6TH and 14TH Amendments to the United
States Constitution.

Supporting Facts:  Trial Court erred and violated Petitioner's
rights, In ruling that Petitioner miranda... (continue on 6B)

(Claim 4 Supporting Facts continued)

... waiver was knowingly and confession was voluntary, and in allowing the prosecution to present and submit Joint tape Statement to the Jury as it "case-in-chief" and into evidence against Petitioner, without testimony from officers (Sherman and Bingham); Where Petitioner's testimony that Petitioner (in-custody minor) made request's to Officers (Sherman and Bingham) for an Attorney and to call Grandparents, was never refuted by Officer's (Sherman and Bingham).

Claim 5: Trial Court violated Petitioner's Due Process and Equal Protection rights to Right against self-incrimination and Fair Jury Trial. Rights under the 5TH and 14TH Amendments to the United States Constitution.

Supporting Facts: Trial Court erred and violated Petitioner Rights, In ruling that Petitioner miranda waiver was knowingly and Statements/confession voluntary, and in allowing the prosecution to present and submit Joint tape Statement to the Jury as it "case-in-chief" and into evidence against Petitioner; Where Petitioner (an in-custody minor) Grand--mother constantly sought to see and speak to Petitioner and was constantly denied by officer(s), and where Officer's were under obligation to inform and ask Petitioner before and/or during questioning if Petitioner desired to see and/or speak to Grandmother.

Claim 6:  Trial Court violated Petitioner's Due Process and Equal Protection Rights to Fair Jury Trial, and Right to be Free from Unjust Penalties, Fines and Enhancements. Rights under the 6TH, 8TH and 14TH Amendments to the United States Constitution.

Supporting Facts: Trial Court erred and violated Petitioner rights; In sentencing Petitioner to the Upper term of Life without Possibility of Parole using/based on "Aggravating Facts"; Where, Trial Court on it's own motion, made a "Fact--ual Finding" of "Aggravating Factors" to be true "Beyond A Reasonable Doubt", without "Aggravating Factors" being submitted to the Jury to make/for a "Factual Finding" or a "Beyond A Reasonable Doubt" finding as to any or all "Aggravating Factors".

Claim 7:  Trial Court violated Petitioner's Due Process and Equal Protection Rights to Right against self-incrimination, Right to counsel and Fair Jury Trial. Rights under the 5TH, 6TH and 14TH Amendments to the United States Constitution.

Supporting Facts: Trial Court erred and violated Petitioner rights; In failing to hold/order a competency evidentiary hearing [Sua Sponte]; Where, Trial Court received and reviewed Petitioner's Juvenile court file and records indicating and stating Petitioner's (Continued on 6D)...

-6C-

(Claim 7, Supporting Facts, Continue)

... history of mental illness and mental impairment (Retardation) prior to sentencing Petitioner.

Claim 8: Trial Court violated Petitioner's Due Process and Equal Protection Rights to Right against self-incrimination, Right to Counsel and Fair Jury Trial. Rights under the 5TH, 6TH and 14TH Amendments to the United States Constitution.

Supporting Facts: Trial Court erred and violated Petitioner rights; In failing to obtain a valid waiver of Counsel, from Petitioner's constitutional right to counsel, via competency evidentiary hearing and/or Psychological evaluation; Where Petitioner with a history of mental illness and mental impairment (Retardation), did not have a competency evidentiary hearing and/or Psychological evaluation prior to being allow to waive constitutional right to counsel.

Claim 9: Trial Court violated Petitioner Due Process and Equal Protection Rights to Right against self-incrimination. Rights under the 5TH and 14TH Amendments to the United States Constitution.

Supporting Facts: Trial Court erred and violated Petitioner rights; In ruling that Petitioner Knowing waived Miranda rights and voluntarily confessed... (continued on -6E-)

-6D-

( Claim 9 - Supporting Facts, continued)

... voluntarily and did not invoke miranda right to silence; Where, Petitioner (in-custody minor) made several request's and plea's to end interrogation, to call Grandparents and for an Attorney, and Officer's fialed to honor Petitioner request's.

Claim 10: Trial Court violated Petitioner's Due Process and Equal Protection Rights to Right against self-incrimination. Rights under the 5TH and 14TH Amendments to the United States Constitution.

Supporting Facts: Trial Court erred and violated Petitioner rights; In ruling that Petitioner (in-custody minor) rights under and to Miranda was not effected or violated, and Petitioner Miranda waiver was Knowingly and statements/confession was Voluntary; Where officer(s) failed to comply with Welfare and Institution Code (Welf. & I.C.) section §627(b) [Juvenile Miranda attachments] Constitutional Requirements.

Claim 11: Trial Court violated Petitioner's Due Process and Equal Protection Rights to Right against self-incrimination. Rights under the 5TH and 14TH Amendments to the United States Constitution.

( Claim 11 - Supporting Facts, continued on -6F-)

-6E-

(Claim 11- Supporting Facts continued)

Supporting Facts: Trial Court erred and violated Petitioner rights; In ruling that Petitioner (in-custody minor) Miranda Rights was not violated, Petitioner Knowingly and voluntar-ily waived Miranda and Confessed Jointly with co-defendant (s); Where officer failed to obtain a Miranda waiver from Petitioner and Mirandize Petitioner at the start or during the Jiont tape Statement/confession, and where officer told Petitioner (He), Petitioner had to talk (confess) about/ to the murder.

Claim 12: Trial Court violated Petitioner's Due Process and Equal Protection Rights to Confrontation and Fair Jury Trial. Rights under the 6TH and 14TH Amendments to the United States Constitution.

Supporting Facts: Trial Court erred and violated Petitioner (s) rights; In allowing the prosecution to present and submit Joint tape Statement/confession of Non-testify-ing co-defendants to the Jury and into evidence against Petitioner; Where nither Petitioner or co-defendants testied at Jury trial, nor was co-defendants statements made in Joint tape Statement incriminating Petitioner Subjected to cross-examination/ Confrontation.

(Claim 13, continued (starts) on -6G-)

Claim 13:   Trial Court violated Petitioner's Due Process and Equal Protection Rights to Fair Jury Trial. Rights under the 6TH and 14TH Amendments to the United States Constitution.

Supporting Facts:  Trial Court erred and violated Petitioner rights; In denying Petitioner request(s) for Jury instruction(s) and failure to instruct Jury (Sua Sponte) to CALJIC-No. 6.02 Abandonment of attempt [when a defense]; CALJIC-No. 4.45 Accident as defense to Special Circumstances; and CALJIC-No. 3.31 Concurrency Requirement [with respect to Felony murder and Special Circumstance]; Where, Petitioner relied on requested √ instructions for defense and there was evidence to support such instructions, and where Trial Court instructed Jury as to Involuntary Manslaugher as a "lesser included offense", Trial Court then had a [Sua Sponte] duty to instruct Jury on CALJIC-No.(s) 3.31, 4.45 and 6.02.

Claim 14:  Trial Court violated Petitioner's Due Process and Equal Protection Rights to Fair Jury Trial. Rights under the 6TH and 14TH Amendments to the United States Constitution.

Supporting Facts:  Trial Court erred and violated Petitioner rights; In failing to perform it's duty of "serious" inquiry and evaluation to Petitioner's "Wheeler" motion against prosecution Race-Based peremptory Challenge; Where Trial Court found a prima facie case of racial discrimination by the prosecution.

1    List, by name and citation only, any cases that you think are close factually to yours so that they

2  are an example of the error you believe occurred in your case.  Do not discuss the holding or reasoning

Crawford v. Washington, 541 U.S. 36; Miller-El v. Dretke, 162 L.Ed.2d 196

3  of these cases: Roper v. Simmons, 543 U.S. 551; In re Winship, 397 U.S. 358;
Lockhart v. Fretwell, 506 U.S. 364, 369; Santosky v. Kramer, 455 U.S. 745;

4  Pate v. Robinson, 383 U.S. 375, 378; More v. United States, 464 F.2d 663;
Godinez v. Moran, 509 U.S. 389; Calderon v. U.S. Dist. Ct. (Beeler) 163 F.3d 530;

5  Lott v. Mueller, 304 F.3d 918; Strickland v. Washington, 466 U.S. 638; Vann v.
Small, 187 F.3d 650; In re Gault, 387 U.S. 1; Withrow v. Williams, 507 U.S. 680;

6  Taylor v. Maddox, 366 F.3d 992; In re Patrick W. 449 U.S. 1096; Cunningham v. California
127 S. Ct. 856; O'Sullivan v. Boerckel, 526 U.S. 838, etc...

7  Do you have an attorney for this petition?                    Yes_____    No _X_

8  If you do, give the name and address of your attorney:

9  _____

10    WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11  this proceeding.  I verify under penalty of perjury that the foregoing is true and correct.

12

13  Executed on _Jan. 7th, 2008_              _Remon Shields_

14              Date                                Signature of Petitioner

20  (Rev. 6/02)

Mr. Remon Dhillo #Y64820
CSP-SAC/B-2-126L
P.O. Box 290066
Represso, CA 95671-0066

Office of the Clerk
United States District Court
Northern District of California
450 Golden Gate Ave.
P.O. Box 36060
San Francisco, CA 94102

RECEIVED

JAN 10 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA



UNITED STATES POSTAGE
02 1A
000460 9711
MAILED FROM