NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REMON A. SHIELDS,<br><br>    Petitioner,<br><br>  vs.<br><br>A. SCHWARZENEGGER,<br><br>    Respondent. | No. C 08-0274 JF (PR)<br><br>ORDER TO SHOW CAUSE;<br>DENYING MOTION FOR<br>APPOINTMENT OF COUNSEL<br><br>(Docket No. 2) |

Petitioner, a state prisoner proceeding pro se, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. The Court orders Respondent to show cause why the petition should not be granted.

**STATEMENT**

In 1999, Petitioner was convicted in Alameda County Superior Court of murder with a special circumstance. The California Court of Appeal affirmed, and the California Supreme Court denied review. The United States Supreme Court then denied a petition for a writ of certiorari. Thereafter, Petitioner filed unsuccessful habeas petitions in all three levels of the California courts.

//

Order to Show Cause
P:\pro-se\sj.jf\hc.08\Shields274osc           1

**DISCUSSION**

**A.    Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.    Petitioner's Claims**

As grounds for federal habeas relief, Petitioner alleges: (1) he received ineffective assistance of appellate counsel, in violation of his rights to due process and equal protecting; (2) he received ineffective assistance of counsel in juvenile court; (3) the juvenile court violated his rights to be free from self-incrimination and his right to due process; (4) the trial court violated his constitutional rights under Miranda v. Arizona, 384 U.S. 436 (1966);[1] (5) the trial court violated his right to a jury trial by sentencing him to an aggravated term; (6) the trial court violated his constitutional rights by failing to hold a competency hearing; (7) the trial court violated his right to counsel by accepting his waiver of counsel; (8) the admission of a joint statement by non-testifying co-defendants violated his constitutional rights; (9) the failure to instruct the jury pursuant to CALJIC Nos. 6.02, 4.45, and 3.31 violated his right to due process; and (10) his rights to due process and equal protection were violated by the prosecutor's peremptory challenges during jury selection. Liberally construed, Petitioner's claims are cognizable under § 2254. The Court orders Respondent to show cause why the petition should not be granted.

//

---

[1] Plaintiff makes this argument in both claims 4, 5, 9, 10, 11.

**CONCLUSION**

1.      The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto (docket no. 3) upon the Respondent and the Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on the Petitioner.

2.      Respondent shall file with the Court and serve on Petitioner, **within sixty days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state parole record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent **within thirty days** of the date the answer is filed.

3.      In lieu of an answer, Respondent may file, **within sixty days**, a motion to dismiss on procedural grounds pursuant to the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition **within thirty days** of the date the motion is filed, and Respondent shall file with the court and serve on Petitioner a reply **within fifteen days** of the date any opposition is filed.

4.      It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

1    5.    Petitioner's motion for appointment of counsel is DENIED for want of
2 exceptional circumstances, and as no evidentiary hearing appears necessary at this time.
3    This order terminates Docket No. 2.
4    IT IS SO ORDERED.
5 DATED: __5/9/08_____

    _____
6   JEREMY FOGEL
    United States District Judge