EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GERALD A. ENGLER
Senior Assistant Attorney General
PEGGY S. RUFFRA
Supervising Deputy Attorney General
JULIET B. HALEY
Deputy Attorney General
State Bar No. 162823
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-3664
  Telephone: (415) 703-5960
  Fax: (415) 703-1234
  Email: juliet.haley@doj.ca.gov
Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **REMON A. SHIELDS,** | C 08-0274 JF(PR) |
| Petitioner, | **MOTION TO DISMISS PETITION AS UNTIMELY** |
| v. | |
| **A. SCHWARZENEGGER, Governor of California,** | |
| Respondent. | |

Respondent hereby moves to dismiss the petition for writ of habeas corpus for failure to comply with the statute of limitations established by the Antiterrorism and Effective Death Penalty Act (AEDPA) in 28 U.S.C. § 2244(d).

A motion to dismiss in lieu of an answer on the merits is proper where the petition is procedurally defective. *See White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989); *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); Rules Governing 28 U.S.C. § 2254 Cases, Rule 4, and Advisory Committee Notes; *see also Jablon v. Dean Whitter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (motion to dismiss proper if time bar is clear from face of complaint).

We have not noticed a hearing date because petitioner is an incarcerated state prisoner who is representing himself in this action.

## STATEMENT OF THE CASE

In 1999, petitioner was convicted in Alameda County Superior Court of murder with a special circumstance. The California Court of Appeal affirmed the judgment in a published decision filed April 30, 2003. *See People v. Castille,* 108 Cal.App.4th 469, 133 (2003) (No. A089623), Review was denied by the California Supreme Court on July 30, 2003. Certiorari was granted and the judgment was vacated on March 22, 2004. *See Shields v. California*, 541 U.S. 930 (2004) (No. 03-7276). On remand to the court of appeal, the judgment was affirmed. *See People v. Castille*, 129 Cal.App.4th 863 (2005). On September 21, 2005, the California Supreme Court denied review. On February 21, 2006, the United States Supreme Court denied certiorari. *See Shields v. California,* 546 U.S. 1192 (2006) (No. 05-8318).

On February 27, 2007, petitioner began collaterally attacking his judgment, filing a state habeas petition in the Alameda Superior Court. See Pet. Exh. G. Said petition was denied on April 5, 2007 in a written decision. *Id.* Petitioner filed a state habeas petition in the California Court of Appeal, which was summarily denied on May 17, 2007. On June 14, 2007, petitioner filed a habeas petition in the California Supreme Court, which was summarily denied on December 19, 2007.

On January 9, 2008, petitioner filed the instant federal habeas petition.

## ARGUMENT

## THE PETITION IS UNTIMELY

Petitioner's case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which imposed a one-year statute of limitations on the filing of federal habeas petitions. 28 U.S.C. § 2244(d). Under AEDPA, a one-year statute of limitations applies "to an application for a writ of habeas corpus by a person in custody pursuant to the judgement of a State court." 28 U.S.C. § 2244(d)(1). The plain language of the AEDPA provides that the one-year statute of limitations does not start running until the latest of four dates:

   (A)  the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
   (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
   (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made

  retroactively applicable to cases on collateral review; or
  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

  Judged by these principles, and in the absence of any other factual assertion by petitioner, the year in this case commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Here, that date is February 21, 2006, the date that the United States Supreme Court denied certiorari. *Wixom v. Washington*, 264 F.3d 894 897 (9th Cir. 2001). Thus, absent any tolling, petitioner had until February 21, 2007, one year, to file a timely federal petition. Petitioner did not file the instant federal petition, however, until January 9, 2008,[1] almost two years after the statute of limitations had expired.

  Petitioner is entitled to tolling during the pendency of any "properly filed application for the State post-conviction or other collateral review with respect to the pertinent judgment or claim," 28 U.S.C. § 2244(d)(2). Here, however, petitioner filed all of his petitions in state court after the statute of limitations period expired (first state habeas filed in Alameda County Superior Court on February 27, 2007). Once the statute of limitations has run, a collateral action cannot revive it. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).

  For all the reasons given, the instant petition must be dismissed as having been filed almost two years beyond the statute of limitations.

///
///
///

---

1. We calculate his filing date giving petitioner the benefit of the mailbox rule. *See Houston v. Slack*, 487 U.S. 266 (1988); *Dils v. Small*, 260 F.3d 984, 985 (9th Cir. 2001).

Motion To Dismiss Petition As Untimely - C 08-0274 JF(PR)

# CONCLUSION

Accordingly, respondent respectfully requests that the petition be dismissed as filed beyond the statute of limitations.

Dated: June 5, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

PEGGY S. RUFFRA
Supervising Deputy Attorney General

/s/ Juliet B. Haley

JULIET B. HALEY
Deputy Attorney General

Attorneys for Respondent

JBH:jw
20115003.wpd

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Remon A. Shields v. A. Schwarzenegger, Governor of California**

No.:   **C 08-0274 JF (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On June 5, 2008, I served the attached

**MOTION TO DISMISS PETITION AS UNTIMELY**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Remon A. Shields**
**P64820**
**CSP-Sacramento**
**PO Box 290066**
**Represa, CA 95671-0066**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on June 5, 2008, at San Francisco, California.

| J. Wong | J. Wong (signature) |
|---|---|
| Declarant | Signature |

20115163.wpd