NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| REMON A. SHIELDS, | ) | No. C 08-00274 JF (PR) |
| Petitioner, | ) ) | ORDER GRANTING MOTION TO DISMISS |
| vs. | ) ) | |
| A. SCHWARZENEGGER, | ) ) | |
| Respondent. | ) ) | (Docket Nos. 5, 10, 12, 14 & 15) |

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction.  Respondent has moved to dismiss the petition as untimely (Docket No. 10).  Petitioner filed opposition, and Respondent filed a reply.  For the reasons discussed below, the Court grants Respondent's motion.

**BACKGROUND**

In 1999, Petitioner was convicted in Alameda County Superior Court of murder with a special circumstance.  The California Court of Appeal affirmed, and the California Supreme Court denied review.  The United States Supreme Court then denied a petition for a writ of certiorari on February 21, 2006.  During 2007, Petitioner filed unsuccessful

habeas petitions in all three levels of the California courts.  Petitioner filed the instant federal petition on January 7, 2008.

## DISCUSSION

A.      Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time a one-year statute of limitation on petitions for a writ of habeas corpus filed by state prisoners.  The one-year period generally will run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).[1]

"Direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition.  Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).  As the Eighth Circuit put it: "[T]he running of the statute of limitations imposed by § 2244(d)(1)(A) is triggered by either (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ."  Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998), cert. denied, 525 U.S. 1187 (1999).  In Petitioner's case, the limitations period began to run once the United State Supreme Court denied his petition for a writ of certiorari on February 21, 2006.  The limitation period expired one year later, on February 21, 2007.  The instant petition was not filed until January 7, 2008, almost a year later.  Thus, absent tolling, the instant petition is untimely.

---

[1]In rare instances not presented in this case, the limitation period may start on a different date.  See 28 U.S.C. § 2244(d)(1)(B)-(C).

B.   Statutory Tolling

Section 2244(d)(2) tolls the one-year limitation period for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Petitioner did not file his first state habeas petition until February 27, 2007, which is after the limitations period expired on February 21, 2007. A state habeas petition filed after AEDPA's statute of limitation ended cannot toll the limitation period under § 2244(d)(2). See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). As Petitioner did not file his state habeas petitions until after the limitation period had expired, he is not entitled to tolling of the limitation period under 28 U.S.C. § 2244(d)(2).

Petitioner argues in his opposition that his petition to the state court was "timely" and "properly filed" under the mailbox rule. (Oppo. at 2.) Petitioner claims that he submitted a state habeas petition to prison officials in February 2007, "before February 21, 2007," to be sent to Alameda Superior Court. (Id.) Respondent agrees that the mailbox rule applies to Petitioner's state court filings. However, Respondent contends that Petitioner has not met his burden to show that he delivered his filing to prison officials within the pertinent deadline.

The mailbox rule applies to the filing of a federal petition for a writ of habeas corpus under the AEDPA. See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001) (pro se prisoner's federal habeas petition is deemed filed when prisoner delivers petition to prison authorities for mailing), vacated and remanded on other grounds, Carey v. Saffold, 536 U.S. 214 (2002). It also applies to the filing of a state petition for the purposes of calculating the AEDPA limitation period. That is, the one-year limitation period is tolled under 28 U.S.C. § 2244(d)(2) starting on the day the prisoner delivers his state petition to prison authorities for forwarding to the court. See Stillman, 319 F.3d at 1201; Saffold, 250 F.3d at 1268; Anthony v. Cambra, 236 F.3d 568, 574-75 (9th Cir. 2000). Timely filing may be shown by a notarized statement or by a declaration by the

prisoner setting forth the date of deposit and stating that first-class postage has been prepaid. Koch v. Ricketts, 68 F.3d 1191, 1193 & n.3 (9th Cir. 1995) See Koch, 68 F.3d at 1193. The burden then shifts to the opposing party to produce evidence in support of a contrary factual finding. See id. at 1194 (where prison does not produce direct evidence of date of filing, otherwise uncontroverted evidence of plaintiff's declaration and court file stamp date unrefuted); see also Caldwell v. Amend, 30 F.3d 1199, 1203 (9th Cir. 1994) (government must present sufficient evidence to rebut prisoner's sworn declaration that he placed envelope in depository set aside for legal mail in timely manner).

Respondent has submitted the declaration of Layton Johnson, the Office Services Supervisor II at California State Prison - Sacramento, which states that mail is collected every day from prisoners, logged into the mail room the next morning, and posted in the United States mail the same day. (Resp't Reply, Ex. C.) Petitioner's mail log submitted by Respondent shows two entries for legal mail addressed to Alameda Superior Court in February, specifically on February 20, 2007 and February 23, 2007. (Id., Ex. D.) According to the general mail collection practice of the prison, these dates indicate that Petitioner gave the legal mail to prison officials the evening before, *i.e.*, on February 19, 2007 and February 22, 2007. Respondent contends that the first document was an extension of time and the second document was the state habeas petition in accordance with when each was filed in Alameda Superior Court: an extension of time was filed on February 26, 2007, and the habeas petition was filed on February 27, 2007. In addition, the envelope attached to the habeas petition was dated by the U.S. postal service as February 23, 2007. (Id., Ex. E.) Respondent has produced sufficient evidence to rebut Petitioner's vague claim that he filed his state petition sometime before February 21, 2007, when the limitations period expired. Accordingly, because Petitioner's state habeas petition was filed after the limitations period had expired, he is not entitled to statutory tolling.

The Court agrees with Respondent that February 13, 2007, the date Petitioner executed the proof of service for his state habeas petition, is not necessarily the date

Petitioner delivered the state petition to prison officials for filing. Respondent has provided sufficient evidence to show otherwise. However, even if it were so, Petitioner's federal petition would still be untimely. The limitations period ran for 357 days until February 13, 2007, leaving Petitioner only 8 days to file a timely federal habeas petition after concluding review in the state courts on December 19, 2007, *i.e.*, no later than December 27, 2007. However, Petitioner did not file the instant federal petition until January 7, 2008.

C.     Equitable Tolling

Petitioner argues that he is entitled to equitable tolling. Equitable tolling will not be available in most cases because extensions of time should be granted only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997) (citation and internal quotation omitted). The Ninth Circuit has held that the petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). The petitioner must establish two elements in order to be granted equitable tolling: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 419 (2005)). When a prisoner is proceeding pro se, his allegations regarding diligence in filing a federal petition on time must be construed liberally. Roy v. Lampert, 455 F.3d 945, 950 (9th Cir. 2006).

The prisoner also must show that "the 'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted). Where a prisoner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas application, the equitable tolling claim will be denied. Gaston v. Palmer, 417 F.3d 1030, 1034-35 (9th Cir. 2005).

Petitioner claims various circumstances beyond his control which caused the delay

1  in filing a timely petition.  First of all, Petitioner claims that he did not receive a complete
2  court trial record from his appellate counsel until March 21, 2006, which is nearly one
3  month after the United States Supreme Court denied his writ for certiorari on February
4  21, 2006, which constitutes a delay of 28 days.  Next Petitioner claims that he was
5  committed to a mental hospital for psychological treatment and suicide prevention on July
6  28, 2006, and that he did not receive his legal property until September 20, 2006, a delay
7  of 54 days.  Petitioner also claims that he was sent to administrative segregation on
8  December 28, 2006, and that he did not have access to his legal property until January 10,
9  2007, a delay of 13 days.  Lastly, Petitioner claims lack of access to the law library
10 between January 17, 2007 to February 6, 2007, due to construction, which is 20 days of
11 delay.  Assuming that Petitioner is entitled to equitable tolling for each of these discrete
12 periods, the limitations period would be equitably tolled for a total of 115 days, (28 + 54
13 + 13 + 20 = 115), which would extend the expiration date of the limitations period from
14 February 21, 2007 to June 16, 2007.  However, Petitioner did not file the instant federal
15 petition until January 7, 2008.  Even with equitable tolling, the petition is untimely by
16 almost seven months.

17     Petitioner's motion to stay habeas corpus proceedings to exhaust a remaining issue
18 in state courts (Docket No. 15) is DENIED.  As discussed above, the instant petition is
19 barred by the statute of limitations.

## CONCLUSION

22     For the foregoing reasons, Respondent's motion to dismiss the petition as untimely
23 (Docket No. 5) is GRANTED.  The instant petition for a writ of habeas corpus is
24 DISMISSED.  The clerk shall terminate all pending motions as moot.
25     IT IS SO ORDERED.
26 DATED: 3/11/09

JEREMY FOGEL
United States District Judge